# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

UNITED STATES POSTAL SERVICE,
             *Plaintiff-Appellee,*

v.

NATIONAL ASSOCIATION OF LETTER
CARRIERS, AFL-CIO,
             *Defendant-Appellant.*

}

No. 02-1159

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, District Judge.
(CA-01-1447-JFM)

Argued: September 25, 2002

Decided: November 5, 2002

Before WILKINS, MICHAEL, and KING, Circuit Judges.

---

Reversed and remanded by unpublished per curiam opinion.

---

## COUNSEL

**COUNSEL:** Peter Daniel DeChiara, COHEN, WEISS & SIMON, L.L.P., New York, New York, for Appellant. Edward Himmelfarb, Appellate Staff, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Robert D. McCallum, Jr., Assistant Attorney General, Thomas M. DiBiagio, United States Attorney, William Kanter, Appellate Staff, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

UNPUBLISHED

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

The National Association of Letter Carriers (NALC) appeals a decision of the district court vacating an arbitral award in the NALC's favor. We reverse and remand.

### I.

This appeal arises from a grievance alleging that a postal worker, Alton R. Branson, was assaulted by his supervisor, Derek F. Hatten. This grievance led to arbitration between the NALC, which is Branson's union, and the United States Postal Service (USPS).

Two documents are relevant to this case. The first is the collective bargaining agreement (CBA) between the USPS and the NALC. The second is the Joint Statement on Violence and Behavior in the Workplace (Joint Statement), which was issued in 1992 by the USPS and several employee organizations (including the NALC) in response to numerous acts of violence by postal workers. The Joint Statement provides in pertinent part, "Those who do not treat others with dignity and respect will not be rewarded or promoted. Those whose unacceptable behavior continues will be removed from their positions." J.A. 83. In 1996, an arbitrator decided that the Joint Statement "constitutes a contractually enforceable agreement" between the USPS and the NALC. *Id.* at 143.

In the grievance underlying this appeal, the NALC alleged that Hatten's conduct violated the Joint Statement and that the USPS was therefore contractually obligated to discipline him severely, preferably by discharging him from postal employment. The USPS countered that discharge would be an unduly severe remedy under the circumstances. The arbitrator sided with the NALC and ordered the USPS to "remove[] [Hatten] from the Postal Service." *Id.* at 104.

The USPS then filed this action in the district court seeking to vacate the arbitration award (the Award). The USPS argued that the order to discharge Hatten was improper because Hatten was not a party to the arbitration proceeding, and discharging Hatten pursuant to the Award would therefore violate due process and the procedures established by civil service statutes, *see* 5 U.S.C.A. § 7513 (West 1996) (enumerating procedural rights of civil servants facing dismissal); 39 U.S.C.A. § 1005(a)(1) (West 1980 & Supp. 2002) (extending protections of civil service laws to postal workers). The NALC counterclaimed for enforcement of the Award, and both sides moved for summary judgment.

The district court ruled in favor of the USPS without addressing the parties' arguments. Instead, the court held that the Joint Statement precludes termination for a single act of violence and that dismissal therefore was not a contractually authorized remedy for Hatten's conduct.

## II.

The NALC contends that the decision of the district court was improper because it relied on a theory not presented to the arbitrator. We agree. Prior to this appeal, the USPS never argued that the Joint Statement precludes dismissal for a single act of violence. By failing to raise this claim in arbitration, the USPS waived it. *See Dist. 17, United Mine Workers v. Island Creek Coal Co.*, 179 F.3d 133, 140 (4th Cir. 1999); *see also Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 673-74 (5th Cir. 2002) (finding waiver where question concerning composition of arbitration panel was raised *sua sponte* by district court).

Although it does not concede that it waived the theory adopted by the district court, the USPS relies more heavily on a different argument: that the Award is improper because it requires the discharge of an employee who was not a party to the arbitration proceeding. But this argument also was not raised in arbitration and thus is also waived. The USPS urges that this argument is not waivable because it is based on due process and the civil service statutes; thus, if upheld, this argument would render the CBA and the Joint Statement unenforceable on public policy grounds. Our precedent does not support this position, however. *See Dist. 17*, 179 F.3d at 140 (finding

waiver of First Amendment claim not raised during arbitration); *see also AAOT Foreign Econ. Ass'n (VO) Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 139 F.3d 980, 981-82 (2d Cir. 1998) (holding that party waived public policy challenge by failing to raise it during arbitration). We therefore hold that the decision of the district court may not be affirmed on the alternative reasoning offered by the USPS.*

## III.

For the foregoing reasons, we reverse the decision of the district court. The case is remanded for further proceedings consistent with this opinion.

*REVERSED AND REMANDED*

---

*Although the USPS has waived this public policy argument, Hatten could still raise it in a challenge to his dismissal before the Merit Systems Protection Board. *See Westbrook v. Dep't of the Air Force*, 77 M.S.P.R. 149, 154 (1997).